IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL W. PALLADINO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 14-2168 |
| CITY OF BETHLEHEM, et al., | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**MARILYN HEFFLEY, U.S.M.J.**                                                                 **October 2, 2015**

      This matter comes before the Court on Plaintiff Michael W. Palladino's ("Palladino" or "Plaintiff") March 12, 2015 letter Motion for an Award of Attorney's Fees and Costs. Palladino seeks and award of $160,302.90 in attorney and paralegal fees and costs in the amount of $3,741.61. Defendants oppose the request, arguing that Plaintiff's success was limited, the requested hourly attorney rate is unreasonable, and the hours billed are unreasonable and excessive. Defendants propose an award of $27,722.16. For the following reasons, the Court will grant in part and deny in part Palladino's Motion for an Award of Attorney's Fees and Costs, and will award $112,815.40 in attorney and paralegal fees and $3,679.55 in costs.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

      Palladino filed this civil lawsuit against Defendants on April 14, 2014, asserting claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213, the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951-959 ("PHRA"), and Equal Protection and Due Process violations under 42 U.S.C. § 1983. See Compl. (Doc. No. 1). Palladino alleges that he was improperly discriminated against and terminated from his employment in connection with his alleged disability of alcoholism. Id. Palladino sought

injunctive and declaratory relief, reinstatement of employment, compensatory damages, and punitive damages, if permitted by law, as well as attorney's fees and costs.  Id.

On May 14, 2015, the Honorable Edward G. Smith entered an order dismissing the action with prejudice pursuant to Federal Rule of Civil Procedure 41.1(b), the parties having settled the matter, except for the issue of attorney's fees and costs, which the parties agreed to have resolved by this Court.  See Order Dismissing Action with Prejudice (Doc. No. 41).  The parties disagree on the amount of attorney's fees and costs to which Palladino is entitled and have left this question open.  By order dated May 12, 2015, Judge Smith referred the matter to this Court for final resolution.  The parties have thoroughly briefed the issue.

In support of his request for attorney's fees and costs, Palladino has submitted several documents, including: (1) a summary and itemized bills submitted to the Court on March 12, 2015 in support of the attorney's fees and costs requested; (2) a supplemental itemized bill of additional attorney's fees incurred, which was submitted to the Court on April 27, 2015; (3) a response, dated May 11, 2015, to Defendants' brief in opposition; and (4) a supplemental brief in support of his request dated June 19, 2015, which included as exhibits (A) an affidavit and declaration from two colleagues supporting his attorney's hourly rate, (B) the fee schedule currently in effect for Community Legal Services, (C) a second supplemental itemized bill, (D) a copy of the Pennsylvania Unemployment Compensation Hearing transcript, (E) copies of Palladino's unemployment compensation appeals and supporting briefs, (F) the Pennsylvania Unemployment Compensation Board of Review findings, and (G) the Pennsylvania Unemployment Compensation Hearing Referee decision.

Palladino is seeking a total award of $160,302.90 in attorney and paralegal fees and costs in the amount of $3,741.61.  The Court determined the total amount requested by reviewing the

multiple itemized bills provided by Palladino.  The itemized bills submitted to the Court on March 12, 2015 contain 325.23 attorney hours billed at a rate of $425 per hour, 25.92 paralegal hours billed at a rate of $95 per hour, 12 paralegal hours billed at a rate of $60 per hour, and $3,731.06 in costs.  On April 27, 2015, Plaintiff submitted a supplemental itemized bill listing 11.29 attorney hours billed at a rate of $425 per hour.  Finally, Palladino submitted a second supplemental itemized bill to the Court on June 19, 2015, which listed 32.94 attorney hours billed at a rate of $425 per hour and $10.55 in additional costs.

Defendants, in contesting Palladino's requested fees and costs, submitted a brief in opposition dated April 28, 2015, which included the declaration of an attorney from the community discussing reasonable hourly attorney rates.  Defendants also submitted a reply brief dated June 26, 2015 in opposition to Palladino's supplemental submission.  The matter is now ripe for disposition.

## II.     LEGAL STANDARD

A prevailing party on ADA, Section 1983, and PHRA claims is entitled to reasonable attorney's fees and costs.  See 42 U.S.C. § 12205; 42 U.S.C. § 1988; 43 Pa. Cons. Stat. § 962 (c.2).[1]  In seeking fees, the prevailing party bears the burden of proving that its request is reasonable and typically meets its burden by submitting evidence supporting the hours worked and rates claimed.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  An adverse party may oppose the fee petition by challenging the reasonableness of the requested fee.  Id.  The Court has a "great deal of discretion to adjust the fee award in light of those objections."  Id.

---

[1]     A prevailing party is typically the party that is awarded some type of relief, either through an enforceable judgment entered by the court or from a settlement agreement or consent decree. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001).  Defendants do not challenge Palladino's status as the "prevailing party."

Reasonable attorney fees are determined by calculating the "lodestar," which is the number of hours reasonably expended multiplied by a reasonable hourly rate. See Hensley v. Eckerhart, 416 U.S. 424, 433 (1983). As part of its analysis, the Court must examine the hours requested and exclude the hours not reasonably expended in furtherance of the matter. See Rode, 892 F.2d at 1183. "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." Id. The Court can also make a reduction by the number of hours spent litigating claims on which the party did not succeed and that were distinct in all respects from the claims on which the party did succeed. Id.

Next, the reasonableness of the hourly rate is calculated based upon prevailing market rates in the community by attorneys of equivalent skill and experience performing work of similar complexity. Washington v. Phila. Cnty. Ct. Com. Pl., 89 F.3d 1031, 1035-36 (3d Cir. 1996). The Court should also consider the case's complexity and the sophistication of the services rendered when setting an attorney's rates. See Laura P. v. Haverford Sch. Dist., Civil Action No. 07-5395, 2009 WL 1651286, at *2 (E.D. Pa. June 12, 2009).

Finally, once the Court determines the appropriate number of hours expended and a reasonable hourly rate, the two figures are multiplied to obtain the lodestar amount. The Court, however, can adjust the lodestar amount downward if it is not reasonable when compared to the results obtained. Rode, 892 F.2d at 1183. "[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Hensley, 461 U.S. at 440. While there is no precise rule for making this determination, the Court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Id. at 436-37. The Court has

discretion in making this equitable judgment. Id. at 437.[2]

### III. DISCUSSION

#### A. The Requested Hourly Attorney Rate of $425 is Reasonable

Defendants first object to the $425 hourly rate of Palladino's counsel, Anne P. Felker. Defendants argue that Palladino has failed to offer sufficient evidence to support the rate, which "does not reflect the prevailing rate for similar services by lawyers of comparable experience in the Lehigh Valley Area and other areas outside of Philadelphia itself." Defs.' Resp. at 5. Defendants seek to have the rate reduced to $300. Id. at 6. In support of their argument, Defendants have provided an affidavit from John S. Harrison, an attorney at the law firm of Broughal & DeVito who practices employment and civil rights law primarily in the Lehigh Valley. Id. Ex. B, ¶ 1. Mr. Harrison attests that a reasonable hourly rate typically charged by attorneys based in the Lehigh Valley for employment discrimination cases in federal court is $295, much lower than Ms. Felker's rate of $425.

The Court, however, is not persuaded by Defendants' argument, and finds that Ms. Felker's rate of $425 is reasonable. In support of her requested rate, Ms. Felker explains that she has been an attorney for approximately 32 years and has focused on civil rights and employment law for over 25 years. See Pl.'s Br. at 3. Ms. Felker also notes that the requested rated is significantly lower than the Community Legal Services ("CLS") fee schedule for the Philadelphia area, which identifies the reasonable rate of at least $600 per hour for an attorney

---

[2] To the extent Defendants generally argue that Palladino failed to properly brief his petition for attorney's fees, this argument is moot. See Defs.' Resp. at 5. Given the nature of the settlement discussions held before the Court, the initial submission by Palladino was informal. However, the Court provided both sides the opportunity to fully brief and supplement their arguments, and both sides availed themselves of this opportunity.

with over 25 years of experience.[3]  See id. Ex. B; see also Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001) (approving the use of the well-developed fee schedule rates established by CLS).

As additional support, Ms. Felker has also submitted a verification and declaration from two attorneys—Alice W. Ballard and Jordan B. Yeager—in support of the requested fee. See Pl.'s Supp. Br. Ex. A (Decl. of Alice W. Ballard and Aff. of Jordan B. Yeager). Ms. Ballard, a seasoned employment rights litigator who is admitted to practice in this district, attests that she is familiar with Ms. Felker and her work, finds her to be an experienced employment litigator, and avers that $425 is a reasonable hourly rate for an attorney practicing in the Eastern District of Pennsylvania with Ms. Felker's experience. Ballard Decl. ¶¶ 3, 4. Similarly, Mr. Yeager, a federal civil rights litigator in Bucks County, Pennsylvania, avers that Ms. Felker has the skills, experience, and reputation to support the requested hourly rate due an attorney with 30 years of experience.[4]  Yeager Aff. ¶¶ 3, 4, 13-21.

Considering these factors, I find Ms. Felker's arguments and supporting evidence to be more compelling than Defendants. I also note that Ms. Felker's requested rate comports with similar fee determinations made in this district. See McGuffey, 598 F. Supp. 2d at 670 ($400

---

[3]  To the extent Defendants indirectly challenge the use of Philadelphia and its surrounding areas as the relevant "community," I find this argument to be without merit. Attorneys from neighboring counties frequently engage in employment litigation in the Eastern District of Pennsylvania rather than local state courts because of the federal statutes involved. See McGuffey v. Brinks, 598 F. Supp. 2d 659, 669-70 (E.D. Pa. 2009) (considering rates in and around Philadelphia to determine appropriate rate for employment law attorneys who are located in Bucks and Delaware Counties, but practice in Philadelphia). The prevailing market rate, therefore, may include the Philadelphia area market rate because Palladino is located in the Eastern District of Pennsylvania and his attorney practices there.

[4]  While Mr. Yeager practiced in Washington, D.C. for a period of time at the beginning of his career, he currently practices in Bucks County. See Yeager Aff. ¶¶ 7-12.

hourly rate was reasonable for experienced employment law attorneys in and around Philadelphia); Diaz v. Saucon Valley Manor, Inc., Civil Action No. 12-0433, 2013 WL 6409450, at *7 (E.D. Pa. Dec. 9, 2013) (same). Accordingly, the Court concludes that Ms. Felker's requested hourly rate of $425 is reasonable.[5]

### B. Hours Billed

#### 1. Time Spent Litigating State Unemployment Compensation Proceedings is Not Recoverable

Concerning the time Palladino's counsel has submitted for recovery, Defendants first challenge the 111.5 hours spent in relation to Palladino's state unemployment compensation proceedings, arguing that the fees are not recoverable. Palladino disagrees and asserts that the work related to these proceedings was useful and necessary to obtain relief in the federal action before this Court. Pl.'s Supp. Br. at 3-7. For the following reasons, I agree with Defendants.

In fee-shifting cases such as this, a plaintiff may be entitled to fees accrued during a related administrative proceeding for "work that was both useful and of a type ordinarily necessary to advance the civil rights litigation to the stage it reached before the settlement." Webb v. Bd. of Educ. of Dyer Cnty., 471 U.S. 234, 243 (1985). The Third Circuit, in Gulf Stream III Assoc., Inc., v. Gulfstream Aerospace Corp., 995 F.2d 414 (3d Cir. 1993), further elaborated on what a plaintiff must establish to recover such fees. The court held as follows:

> [I]f the plaintiff can prove that the fees and expenses incurred in the other litigation resulted in work produced that was actually utilized in the instant litigation, [and] that the time spent on the other litigation was "inextricably linked" to the issues raised in the present litigation, . . . then the district court may include those fees and expenses in its fee award.

Id. at 420 (quoting Keenan v. City of Philadelphia, 983 F.2d 459, 474 (3d Cir. 1992) (upholding

---

[5] Defendants do not contest the hourly rates for the two paralegals that assisted Ms. Felker.

fee award, which included hours spent litigating and appealing a labor arbitration hearing related to a section 1983 lawsuit)). The burden rests with the prevailing party to establish that the work from the related proceeding actually advanced the civil rights litigation. See Clark v. Bd. of Educ. of Twp. of Neptune, 907 F. Supp. 826, 830 (D.N.J. 1995).

In the instant matter, Palladino has failed to meet his burden. A plaintiff is not typically entitled to recover attorney's fees for work related to unemployment compensation hearings "as unemployment benefits are not ordinarily necessary to employment discrimination litigation." Reynolds v. U.S.X. Corp., 170 F. Supp. 2d 530, 532 n.3 (E.D. Pa. 2001). After considering the arguments from both sides, I find that bringing the unemployment compensation action was not necessary to this federal litigation and does not warrant the recovery of attorney's fees and costs.

For instance, Palladino asserts that the unemployment compensation proceedings involved the same parties, issues, and facts. See Pl.'s Supp. Br. at 3-7. However, while Palladino argues that he raised his disability and equal protection claims throughout those proceedings, the Pennsylvania Commonwealth Court's ultimate ruling on appeal neither substantively addressed nor ruled on these federal claims, focusing entirely upon state unemployment compensation law.[6] Palladino v. Unemployment Comp. Bd. of Review, 81 A.3d 1096 (Pa. Commw. Ct. 2013). Clearly, the unemployment compensation proceedings and this instant federal litigation involved distinct legal issues.[7]

---

[6] Palladino also argues that the Unemployment Compensation Board of Review made explicit findings concerning his ADA and equal protection claims, which required him to appeal the decision. Pl.'s Supp. Br. at 8. However, as already explained, this does not support his fee request because the Pennsylvania Commonwealth Court did not address these claims on appeal.

[7] Palladino also fails to offer any direct case law supporting his assertion that an obligation to mitigate damages through a state unemployment action warrants the recovery of attorney's fees and costs.

The Court is also not convinced that the work produced in the unemployment compensation proceeding was utilized to the extent necessary to create an inextricable link, such that it was necessary to advance the instant litigation. Palladino argues that the unemployment compensation hearing allowed him to develop the factual record in this matter with the transcript from the hearing being "an invaluable piece of evidence that informed and instructed the instant litigation." Pl.'s Supp. Br. at 3. Palladino's itemized billing, however, shows that the hearing lasted a mere 1.9 hours. See Felker Invoice No. 358 dated March 3, 2014.

Furthermore, despite questioning the City of Bethlehem's sole witness at the hearing, Mr. David Brong, Palladino chose to depose him in connection with this federal litigation. See Defs.' Reply Br. at 3. Therefore, the work produced during the unemployment compensation hearing smacks of duplicity, and I cannot find that the limited amount of time spent in connection with the hearing was reasonably expended to advance the federal litigation. See Gulf Stream III Assoc., Inc., 995 F.2d at 420 (explaining that reasonably expended hours from a separate proceeding to advance the current litigation are not duplicative).[8]

For these reasons, I find that that the time spent in relation to the unemployment compensation proceeding, as well as the significant amount of time spent on related appellate proceedings, was not necessary to this federal litigation and does not warrant the recovery of attorney's fees and costs. I will, therefore, reduce the fee request by 111.5 attorney hours.

---

[8] By comparison, the Third Circuit noted in Gulfstream III that the legal work performed in the related separate action was significant and included document discovery and extensive depositions. Gulf Stream III Assoc., Inc., 995 F.2d at 419.

### 2. Time Spent Concerning a Response to Defendants' Summary Judgment Motion is Reasonable

Defendants also allege that Ms. Felker engaged in excessive legal research for an attorney with 25 years of civil rights and employment law experience. Defs.' Resp. at 10. They argue that Ms. Felker spent 36.5 hours on research related to Defendants' summary judgment motion even though no response was ever filed. Defendants, however, mischaracterize the invoices.

Ms. Felker's time entries indicate that, in addition to conducting legal research in connection with Defendants' summary judgment motion, she also began preparing the response. While she did not file the response, it was reasonable for her to begin working on it while settlement discussions were ongoing as there was no guarantee that a final agreement would be reached during the second settlement conference held before the Court on March 9, 2015. Moreover, while Ms. Felker is an experienced civil rights and employment litigator, it is reasonable for her to research issues particular to this case to adequately represent her client. See Diaz v. Saucon Valley Manor, Inc., Civil Action No. 12-0433, 2013 WL 6409450, at *4 (E.D. Pa. Dec. 9, 2013) (finding it reasonable for experienced employment law litigators to charge 35 hours to research changes in the law and case law particular to the litigation to adequately represent their client). For these reasons, the 36.5 hours spent researching and drafting a response to Defendants' summary judgment motion shall not be excluded from the fee award.

### 3. Paralegal Time Spent Reviewing Documents is Reasonable

Next, Defendants argue that the time spent by Ms. Felker's two paralegals "receiving and indexing documents produced by Defendants" is unreasonable and should be subtracted from the fee award. Defs.' Resp. at 11. The invoices, however, indicate that the paralegals also reviewed the documents, which totaled over 1,000 pages of material. The Court, therefore, finds that the 26.17 hours spent receiving, indexing, and substantively reviewing material produced by

Defendants in discovery was reasonable and shall not be excluded from the fee award.

### 4. Time Billed After the Settlement Conference is Reasonable

Defendants also challenge the 11.29 hours of time that Ms. Felker charged after the September 9, 2015 settlement conference. Defendants claim that these charges relate to objections raised by Palladino to certain employment restrictions; yet, Defendants argue that despite the objections, Palladino did not receive any additional relief from what was discussed with the Court during the September 9th conference. Defs.' Resp. at 12. The Court, however, is not persuaded by Defendants' argument. As Defendants acknowledge, the final settlement terms and agreement were not finalized during the September 9th conference. The Court, therefore, concludes that the additional time spent on these matters by Ms. Felker to effectuate the final settlement agreement was reasonable.

### C. The Majority of the Requested Costs are Reasonable Except for those Related to Unemployment Compensation Proceedings

Palladino is seeking reimbursement for litigation costs in the amount of $3,741.61. Defendants argue that Palladino's costs in the amount of $62.06, which were spent in connection with the state unemployment compensation proceedings, are not reasonable. For reasons already articulated, I agree with Defendants. Accordingly, I award Palladino litigation costs in the amount of $3,679.55.[9]

---

[9] Section 12205 of the ADA provides that a prevailing party may recover "litigation expenses . . . and costs." 42 U.S.C. § 12205. Similarly, a prevailing party in a civil rights case may recover reasonable costs associated with the litigation. See Becker v. ARCO Chem. Co., 15 F. Supp. 2d 621, 635 (E.D. Pa. 1998). Accordingly, district courts have broad discretion to award costs deemed reasonable in cases such as this, which allow for the recovery of attorney's fees and costs. See In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 454 (3d Cir. 2000).

### D. Degree of Success

Finally, Defendants argue that Palladino's attorney fees, paralegal fees, and costs should be reduced across the board by 50% because of his alleged limited success. Specifically, Defendants assert that Palladino ultimately settled for less than his last demand made prior to the March 9, 2015 settlement conference. Defs.' Resp. at 12-13. The Court is not persuaded by Defendants' argument.

In this case, Palladino was highly successful. Without breaching the confidentiality of the parties' settlement agreement, Palladino's recovery included significant non-monetary, along with additional monetary, relief and can fairly be characterized as substantial. While Palladino settled for less than his bargaining position taken at the beginning of settlement discussions, a party's posturing during negotiations is only one indicator to be considered by the Court. See Lohman v. Buryea Borough, 574 F.3d 163, 167-69 (3d Cir. 2009) ("A court is also free to reject such evidence as not bearing on success when, for instance, [settlement] negotiations occur at an early stage before discovery, or are otherwise not a fair measure of what a party is truly seeking in damages."); see also Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 542 (S.D.N.Y. 2008) (finding that "a party's posturing during negotiations can hardly be taken as a fair measure of what would constitute a successful outcome"). Accordingly, no reduction based upon the degree of success obtained by Palladino is warranted.

## IV. CONCLUSION

For the foregoing reasons, I will award $112,815.40 in attorney and paralegal fees and $3,679.55 in costs. An appropriate order follows.

>  /s/ Marilyn Heffley
>  MARILYN HEFFLEY
>  UNITED STATES MAGISTRATE JUDGE